AO 241 (Rev. 09/17)

FILED
RICHARD W. NAGEL
CLERK OF COURT

2021 OCT 28 PM 3:02

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: Southern Ohio |
|---|---|

| Name (under which you were convicted): William Daniel Peyatt | Docket or Case No.: 2017-186 |
|---|---|
| Place of Confinement : Belmont Correctional Institution | Prisoner No.: A 743049 |

| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) |
|---|---|
| William Daniel Peyatt | v.  David Gray, Warden, BeCl |
| The Attorney General of the State of: | |

**PETITION**

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    Monroe County Court of Common Pleas
    101 North Main Street Woodsfield, Ohio 43793

    (b) Criminal docket or case number (if you know):   2017-186

2.  (a) Date of the judgment of conviction (if you know):   March 21, 2018

    (b) Date of sentencing:   March 27, 2018

3.  Length of sentence:   22 ½ years   (270 Months)

4.  In this case, were you convicted on more than one count or of more than one crime?   ☑ Yes   ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

    "Gross Sexual Imposition", under R.C. 2907.05(A)(4)
    "Attempted Gross Sexual Imposition", R.C. 2907.05(A)(4)/ R.C.
    2923.  and,
    "Disseminating Material Harmful to a juvenile", R.C.
    2907.31(A)(1)

6.  (a) What was your plea? (Check one)

    ☑ (1)   Not guilty          ☐ (3)   Nolo contendere (no contest)

    ☐ (2)   Guilty              ☐ (4)   Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? I entered a plea of Not Guilty on all counts in the Indictment. And continue to claim actual innocense on all counts.

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury    ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes    ☑ No

8.    Did you appeal from the judgment of conviction?

☑ Yes    ☐ No

9.    If you did appeal, answer the following:

(a) Name of court: Seventh District Court of Appeals, Monroe Co. Ohio

(b) Docket or case number (if you know): 18 MO 0006

(c) Result: Upheld in part, overturned and vacated in part

(d) Date of result (if you know): August 28, 2019

(e) Citation to the case (if you know): State v. Peyatt, 2019-Ohio-3585

(f) Grounds raised: • Insufficient evidence to support conviction and Sentence for count three, Attempted GSI. • Trial court erred when it Sentenced Mr. Peyatt to consecutive prison terms, where the record fails to support consecutive Sentences. • Mr. Peyatt was deprived a fair trial under the fifth and fourteenth Amendment to the U.S. Constitution when trial court failed to give a curative instruction.

(g) Did you seek further review by a higher state court?    ☑ Yes    ☐ No

If yes, answer the following:

(1) Name of court: The Supreme Court of Ohio

(2) Docket or case number (if you know): 19-1763

(3) Result: Declined to accept jurisdiction

AO 241 (Rev. 09/17)

(4) Date of result (if you know): April 14, 2020

(5) Citation to the case (if you know):

(6) Grounds raised: Trial court erred when it sentenced Mr. Peyatt to Consecutive Sentences, and Mr. Peyatt was deprived a fair trial, court applied a blanket policy regarding shackeling defendants and failing to give a curitive instruction.

(h) Did you file a petition for certiorari in the United States Supreme Court? ☐ Yes ☑ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☑ Yes ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: The Seventh District Court of Appeals, Monroe Co.

(2) Docket or case number (if you know): 18 MO 0006

(3) Date of filing (if you know): November 21, 2019

(4) Nature of the proceeding: App. R. 26 (B) Application to Reopen

(5) Grounds raised: Mr. Peyatt recieved ineffective assistance of counsel on his direct appeal • There was insufficient evidence to support the Conviction on Count Two. • Insufficient evidence to support the Conviction on counts Five and Six. • Deprived a fair trial due to the cumulative effect of trial counsels Ineffective assistance. • Prosecutors Comments poisoned the jury depriving Appellant a fair trial. • Fifth Amendment Violation, Prosecutors Comments directed to a failure to rebut evidence.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☑ No

(7) Result: Application to Reopen was Denied.

AO 241 (Rev. 09/17)

(8) Date of result (if you know): Febuary 21, 2020

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: The Supreme Court of Ohio

(2) Docket or case number (if you know): 2020-0584

(3) Date of filing (if you know): May 4, 2020

(4) Nature of the proceeding: Jurisdictional Appeal

(5) Grounds raised: • Insufficient evidence in counts Two, • Five, and Six. • Denied a fair trial due to Counsels Cumulative effect of ineffective assistance. • Prosecutors remarks and statements made prejudiced Appellant depriving him a fair trial. and • Fifth Amendment violation Where prosecutor directed closing arguments towards Appellants failure to rebut testimony. • The decision Feb. 21, 2020 also presented a double jeopardy issue.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❏ Yes    ☑ No

(7) Result: Declined to Accept Jurisdiction

(8) Date of result (if you know): July 21, 2020

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: Court of Common Pleas of Monroe County Ohio

(2) Docket or case number (if you know): 2017-186

(3) Date of filing (if you know): Nov. 2, 2020

(4) Nature of the proceeding: PostConviction Petition

(5) Grounds raised: Ineffective Assistance was Prejudical and deprived Defendant his rights to Effective assistance, The Compulsory Process, a Speedy Trial, Due Process, and a Fair trial. Claim Two, Defendant was denied a fair trial by the Prosecutor, James Peters, when he Knowingly and intentionally testified 'False' information to a jury, assuring them of honesty and Truthfulness.

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❏ Yes   ☑ No

(7) Result: _Denied_

(8) Date of result (if you know): _Jan. 05, 2021_

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:   ☑ Yes   ❏ No

(2) Second petition:  ☑ Yes   ❏ No

(3) Third petition:   ☑ Yes   ❏ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.  For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**



**GROUND ONE:**   _Grounds one - fifteen on Page's 7-31_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground One, explain why:

## Ground One

Mr. Peyatt was deprived his Fifth, Sixth, and Fourteenth Amendment Rights under the U.S. Constitution as a result of trial Counsel's Cumulative effect of ineffective, and Unreasonable assistance.

## Supporting Facts

Three Continuances (for same reason) tolled time for speedy trial against Mr. Peyatt. Counsel's Motion in Request for Co-counsel assistance stating she is 'Required' to have assistance. Co-Counsel's Motion of Availability filed the morning trial started. Documents filed in Mr. Peyatt's PostConviction Nov. 2, 2020 was not provided at trial and Alibi not investigated. Compulsory process requested in motions on Intent to Claim Alibi and Bail Filed June 30 and July 11, 2017, was Ultimately denied by Counsel.

✳ Direct Appeal of Ground one: Yes - App. R. 26 (B)
Post Conviction Proceedings: Yes
Motion/Petition: Petition to Vacate or Set aside judgment
Name of Court Petition Was filed: Common Pleas
Location: 101 N. Main St. Woodsfield, Ohio
* Case No.: 2017-186, Denied, Jan, 5 2021

Page 7 of 35

Did you receive a hearing?                    No
Did you appeal from the denial?              Yes
Did you raise this issue in Appeal?          Yes
Name of Court: Seventh Dist. Court of Appeals
Location: 131 West Federal St. Youngstown, OH.
Case No. 21 MO 0001,
Decision: Judgment of the Court of Common
          Please, Monroe County, is Affirmed.
Date of decision: Sept. 16, 2021
Other Remedies: Jurisdictional Appeal to
    the Ohio Supreme Court.
1st Appeal: Case No. 20-0584  July 21, 2020
Decision: Declined to Accept Jurisdiction
2nd. Appeal: Case No.
Decision: Pending

## Ground Two

Trial Court deprived Mr. Peyatt of his Fifth, Sixth, and Fourteenth Amendment Rights under the U.S. Constitution where a blanket policy was applied in regard to the shackling of all defendants and failing to give a curative instructions to the jury.

### Supporting Facts

Trial Transcript shows objection was made as Mr. Peyatt was paraded through the crowded hallway of prospected jurors and brought into the Courtroom in restraints (wrists, Leg Shackles, and belly Chain). The Honorable, Julie R. Selmon, said she would give a curative instructions to the jury and failed to do so. Mr. Peyatt posed no threat, and was not being held in custody without bail.

* Direct Appeal of Ground Two: Yes

Post Conviction Proceedings: No

Other Remedies: Jurisdictional Appeal to the Ohio Supreme Court

• Case No. 2019-1763    April 14, 2020

Decision: Declined to accept jurisdiction

Page 9 of 35

## Ground Three

Trial Counsel failed to object to the way in which the jury was selected and failed to seat an unbiased jury. Thus depriving Mr. Peyatt of his Fifth, Sixth, and Fourteenth Amendment Rights to the U.S. Constitution.

### Supporting Facts

March 19 2018 Trial Transcripts, Voir dire. Juror No. 2, Alissa Miller previously served as a juror against Mr Peyatt in 2005 (Tr. 120 see also Tr 606 prior conviction in 2005). Alissa Miller knows State's witness Christina Dick as she is Alissa Miller's Mom's Supervisor at GMN Tri-county, and this case involving rape made her sick to her stomach (Tr. 153) K.B. Sees Counselor at GMN

Juror No. 12 Denzil Minger is a Nurse at Wetzel County Hospital where the alleged Victim K.B. reported "She may have been raped", and the State's Expert witness, Tad Green is Denzil Minger's Supervisor (Tr 84-85) Denzil Minger Identified himself as a Super viser at the Hospital (Tr. 106-108). Denzil went to School with the investigating officer and the alleged victims father (Tr 59, 63)

Additional Facts in support presented in Memorandum.

\* Direct Appeal of Ground Three: Yes  App.R.26(B)
Post Conviction Proceedings: No
Other Remedies: Jurisdictional Appeal to
       the Ohio Supreme Court.
• Case No. 20-0584   July 21, 2020
Decision: Declined to accept jurisdiction

## Ground Four

Mr. Peyatt's Fifth and Fourteenth Amendment Rights Under the U.S. Constitution was Violated as the prosecutor used his opening statements as an opportunity to poison the jury

### Supporting Facts

March 19, 2018 Trial Transcripts. The prosecutor made allegations against Mr. Peyatt that was 'not' supported in the record and was substantially prejudicial to Mr. Peyatt. (Tr. 251 "even though we may suspect there could have been a rape prior to thirteen,..., we intend to hone in on the one prior to her going to Wetzel County Hospital.") Mr. Peyatt was only charged with one Rape.

Again at Tr. 229 he stated, "and it was at this time Keysha indicated to her Mother that the Defendant had been raping her for a period of time." and, inappropriate touching for many years prior to that. (Tr. 230)
Tr. 45, 48, 247-The prosecutor boasted about his "thirteen years of experience as a prosecutor" and prosecuting these types of cases. (Tr. 535 Further boasting). He further proclaimed "Consistancies" 9 times in his opening, Tr. 235, 236, 238, 244.

\* Direct Appeal on Ground Four: Yes App. R. 26(B)
Post Conviction Proceedings: Yes
Motion/Petition: Petition to Vacate or Set aside Judgment
Court Petition was Filed in: Court of Common Pleas
Location: 101 North Main St. Woodsfield, OH.
Case No. 2017-186 Denied Jan. 5, 2021
Did you receive a hearing: NO
Did you Appeal from denial: Yes
Did you raise this issue in Appeal: Yes
Name of Court: Seventh Dist. Court of Appeals
Location: 131 West Federal St. Youngstown, OH
Case No. 21 MO 0001 Sept. 16, 2021
Decision: Affirmed Judgment of trial court
Other Remedies: Jurisdictional Appeal in the
    Ohio Supreme Court
1st. Appeal, Case No. 20-0584 July 21, 2020
Decision: Declined to accept Jurisdiction
2nd. Appeal, Case No.
Decision: Pending

## Ground Five

Mr. Peyatt's Fifth and Fourteenth Amend-
ment Rights under the U.S. Constitution was
Violated, as the prosecutor knowingly, and
intentionally, presented false information to the jury.

### Supporting Facts

A newly discovered document, surfaced showing
the Certification of the State's expert witness
had expired between 2013 and 2016
Newly discovered documents demonstrate that
the prosecutor proclaiming the alleged victims
allegations had remained consistent is a
falsification of what the documents say.
The prosecutor proclaimed Consistencies in
the allegations a minimum of 9 times in
his opening and an additional 7 times in
his closing arguments and boasted on his
honesty and truthfulness.
Documents filed in Postconviction 11-22-20
See Grounds Four, Six, and Seven of Mr. Peyatt's
Habeas Corpus Memorandum.

✳ Direct Appeal on Ground Five: Yes  App.R.26(B)
PostConviction Proceedings: Yes
Motion/Petition: Petition to Vacate or Set aside judgment
Court Petition was filed in: Court of Common Please
Location: 101 N. Main St. Woodsfield, Ohio
• Case No. 2017-186  Denied  Jan. 5, 2021
Did you receive a hearing:      No
Did you Appeal from denial:     Yes
Did you raise this issue in Appeal: Yes
Name of Court: Seventh Dist. Court of Appeals
Location: 131 West Federal St., Youngstown, OH
• Case No. 21 MO 0001    Sept. 16, 2021
Decision: Affirmed Judgment of trial Court
Other Remedies: Jurisdictional Appeal to the
     Ohio Supreme Court
• 1st Appeal, Case No. 20-0584   July 21, 2020
Decision: Declined to accept jurisdiction
• 2nd. Appeal, Case No.
Decision:  Pending

## Ground Six

Mr. Peyatts' Fifth and Fourteenth Amendment Rights under the U.S. Constitution was violated as the prosecutor used his closing arguments as an opportunity to poison the jury

### Supporting Facts

March 21, 2018 Trial Transcripts. In the States closing arguments, the prosecutors statements was not supported in the record. Tr. 557 "The bathroom picture there, it used to have a door on it, just where she said that she had been forced to touch his penis".

· Seven times the prosecutor proclaimed the accusations by the alleged victims had remained consistant. (Tr. 528, 529, 531, 555 and 557.)

The Prosecutor further insured the jury, on multiple occasions, of his honesty and truthfullness with them. (Tr. 525, 529, 533, 553)

The Prosecutor argued on Mr. Peyatts failure to rebut evidence and call witnesses (Tr. 525 535, 554, 556), when Mr. Peyatt was the only person who could present rebutal, or controdictory testimony.

※ Direct Appeal on Ground Six: Yes   App.R. 26 (B)

PostConviction Proceedings:   Yes

Motion/Petion: Petition to Vacate or Set aside judgment

Court Petition was filed in: Court of Common Please

Location: 101 N. Main St., Woodsfield, Ohio

• Case No. 2017-186   Denied   Jan 5, 2021

Did you receive a hearing?   No

Did you appeal from denial?   Yes

Did you raise this issue on appeal? Yes

Name of Court: Seventh Dist. Court of Appeals

Location: 131 West Federal St., Youngstown, OH

• Case No. 21 MO 0001   Sept. 16, 2021

Decision: Affirmed Judgment of trial Court

Other Remedies: Jurisdictional Appeal to the
   Ohio Supreme Court

• 1st. Appeal, Case No. 20-0584   July 21, 2020

Decision: Declined to accept Jurisdiction

• 2nd. Appeal, Case No.

Decision:   Pending

## Ground Seven

Fifth Amendment Violation Under the U.S. Constitution where the prosecutor directed his closing arguments twards Mr. Peyatts' failure to Contradict or rebut said allegations

### Supporting Facts

March 21, 2018 Trial Transcripts, Prosecutors argued on Mr. Peyatts' failure to Contradict and rebut the allegations, as well as Mr. Peyatts' failure in calling additional witness and presenting testimony in his defense.

(Tr. 525.) "I would submit to you though, that all we heard during this trial is exactly what did happen to them."

(Tr. 525.) "But there is certainly nothing in the record that indicates that their story could not have happened or is in anyway, untrue."

(Tr. 535.) All these things could have happened. He talked about that. And you havnt been presented with any-thing that says that that may not have happened."

(Tr. 554.) "...its the job to defend him. They can play these videos. They can present testimony of other witnesses..." (Videos was not presented at Trial.)

(Tr. 556.) "She told you her story, and you have heard no evidence to 'Contradict' that."

\* Direct Appeal of Ground Seven: Yes App.R.26(B)
Postconviction Proceedings: No
Other Remedies: Jurisdictional Appeal to the
Ohio Supreme Court.
• Case No. 20-0584    July 21, 2020
Decision Declined to accept Jurisdiction

## Ground Eight

Trial Court erred in sentencing Mr. Peyatt to Consecutive prison terms because the record clearly and convincingly does not support the findings that Consecutive sentences are not disproportionate to Mr. Peyatts' Conduct alleged in this Case.

### Supporting Facts

Count one A.B. alleged Mr. Peyatt inappropriatly touched her on two occasions lasting about five seconds each as she turned and walked away

Count Two A.B. recanted the allegations

Count four A.B. said Mr. Peyatt showed her pictures of his penis on his cell phone but had no knowledge of the tattoo on Mr. Peyatts Penis.

Count five and six K.B. presented NO testimony alleging she was under the age of 14, specifically 10-12 years old (2009-2012) and she admitted she lied in the investigation about these allegations.

(See Memorandum in Support of Habeous Corpus)

\* Dirrect Appeal on Ground Eight: Yes

Post Conviction Proceedings: NO

other Remedies: Jurisdictional Appeal, OH, Supreme Court

• Case No. 19-1763          April 14, 2020

Decision: Declined to accept Jurisdiction

Page 20 of 35

Ground Nine

The Cumulative effect of errors Constitute
a denial of Mr. Peyatts Constitutional Rights
under the Due Process Clause

Supporting Facts

Counsels ineffective and incompetent assistance
in her failures to investigate and prepare for
trial. Her actions denying Mr. Peyatt a speedy
trial and the Compulsory process as well as
a fair trial by an impartial jury.

Prosecutorial Misconduct as the Prosecutor
boasted his experience and his honesty. He
further Mentioned Facts not in the record to
boast his Case and argued on Mr. Peyatts
failure to present a defense

Trial Court imposing Consecutive Sentences
and applying a blanket policy requiring all defend-
ants that can't post bail to be shackled without
justification or providing a curative instructions.
And Trial courts failure to comply with the
order of the Appellate court to overturn a Conviction.
* Direct Appeal of Ground Nine: No (Not Cumulatively)
Post Conviction Proceedings: No
Other Remedies: Argued independantly, Not on
the Cumulative effect of all errors.

Page 21 of 35

# Ground Ten

Appellate Counsel was ineffective in their representation, and preparation of Mr. Peyatt's direct appeal. A denial of the Equal Protection Clause.

## Supporting Facts

Mr. Peyatt was appointed new representation at each stage in preparing and presenting his Direct Appeal.

- Christina Madriguera, #0072555, filed his merit brief. She presented false information in the facts of the case stating that Mr. Peyatt committed the offenses while on community control.

Further, on page 10 of the Merit Brief regarding counts Five and Six, counsel fails to argue statute under the specific charge as she did on page 8 in regard to count one and Two. Counsel Madriguera withdrew herself and was transferred to the Ohio Supreme Court.

- Jonathan Tewart, #0085171, was then appointed to file Mr. Peyatt's Reply Brief. The Ohio Public Defenders office relieved him of his duties for unknown reasons.

- Joseph Medici, Chief Counsel of the Ohio Public Defenders Office presented Oral Arguments. The record fails to support Mr. Peyatt's Convictions.

﹡ Direct Appeal of Ground Ten: Yes   App.R.26 (B)
PostConviction Proceedings: NO
Other Remedies: Jurisdictional Appeal to the
    Ohio Supreme Court
• Case No. 20-0584   July 21, 2020
Decision: Declined to accept Jurisdiction

# Ground Eleven

Insufficient evidence as count Five is not supported by a manifest weight of evidence. A deprivation of the Fourteenth Amendment Due Process Clause

## Supporting Facts

The alleged victim presented no testimony alleging the specific time period (2009-2012) or being under the age of Thirteen (13).

The alleged victim did however admit that she was untruthful during the investigation (Id. March 20, 2018, Cross examination by Defense counsel, Tr. 406-407.

Documents presented in Mr. Peyatts Post-Conviction Petition filed Nov. 2, 2020 show that "it was alleged" Mr. Peyatt was living in Monroe County until "just prior to K.B. turning 13 (2012) and he moved away and returned prior to her turning 15" (Harmony House Report). Mr. Peyatts records show Mr. Peyatt lived in Summersville West Virginia and Cowen West Virginia until 2014. Four (4) misdomenor arrest, House arrest Twice, Fathered 3 children (2009, 2011, and 2012), work records w/ time sheet, Bank statements, Hospital reports, Family Court records, and so on.

Page 24 of 35

\* Direct Appeal on Ground Eleven    Yes  App.R. 26 (B)
Post Conviction Proceedings:  Yes
Motion/Petition: Petition to Vacate or Set aside judgment
Court Petition was filed in: Court of Common Please
Location: 101 N. Main St. Woodsfield, Ohio
Case No. 2017-186    Denied    Jan 5, 2021
Did you receive a hearing:    No
Did you Appeal from denial:    Yes
Did you raise this issue on Appeal:    Yes
Name of Court: Seventh Dist, Court of Appeals
Location: 131 West Federal St. Youngstown Ohio
Case No. 21 MO 0001        Sept. 16, 2021
Decision: Affirmed Judgment of Trial Court
Other Remedies: Jurisdictional Appeal to the
    Ohio Supreme Court.
1 st Appeal, Case No. 20-0584        July 21, 2020
Decision: Declined to accept Jurisdiction
2nd Appeal, Case No,
Decision: Pending

## Ground Twelve

Insufficient evidence as Count Six is not supported by a manifest weight of the evidence. A deprivation of the Fourteenth Amendment Due Process Clause.

### Supporting facts

The alleged victim presented no testimony alleging the specific time period (2009-2012) or being under the age of thirteen (13).

The alleged victim did however admit that she was untruthful during the investigation (Id. at March 20, 2018, Cross Examination by Defense Counsel, Tr. 406-407.

Documents presented in Mr. Peyatts Post Conviction Pepition filed Nov. 2, 2020 show that "it was alleged" that Mr. Peyatt was living in Monroe County Ohio until "just prior to K.B. turning 13 (2012) and he moved away and returned prior to her turning 15 (oct. 2014)" See Harmony House Report.

Mr. Peyatts records show that Mr. Peyatt lived Summersville, West Virginia, and Cowen, West Virginia until 2014. Four (4) Misdomenor arrest, House arrest Twice, Fathered 3 children (2009, 2011, 2012), work records with time sheet, Bank Statements, Hospital reports family court records, and so on.

Page 26 of 35

\* Direct Appeal on Ground Twelve: Yes  App. R. 26(B)
Post Conviction Proceedings:   Yes
Motion/Petition: Petition to vacate or set aside Judgment
Court petition was filed in: Court of Common Please
Location: 101 N. Main St. Woodsfield, Ohio
° Case No. 2017-186    Denied    Jan. 5, 2021
Did you receive a hearing:    No
Did you Appeal from denial:    Yes
Did you raise this issue on Appeal: Yes
Name of Court: Seventh Dist. Court of Appeals
Location: 131 West Federal St. Youngstown, Ohio
° Case No. 21 MO 0001        Sept. 16, 2021
Decision: Affirmed judgment of Trial Court
Other Remedies: Jurisdictional Appeal to the
       Ohio Supreme Court.
° 1st. Appeal, Case No. 20-0584    July 21, 2020
Decision: Declined to accept jurisdiction
° 2nd. Appeal, Case No.
Decision: Pending

Page 27 of 35

Ground Thirteen

Insufficient evidence as Count two is not supported by a manifest weight of evidence. A deprivation of the Fourteenth Amendment Due Process Clause

Supporting Facts

I a Bill of Particulars, the State set forth the "Specific" conduct alleged to Constitute the offense Charged.

The alleged victim was ask "Specifically" at trial, by the prosecutor, If Mr. Peyatt Commited such an act. The alleged victims testimony opposes such allegation.

It was alleged, by the State, that the alleged victim's sister witnessed said Conduct. The alleged victim's sister testified that she never witnessed any thing between the alleged victim and Mr. Peyatt. (Id. March 19-21, 2018, Tr. 308, 311, 353, and 387).

* Direct Appeal on Ground Thirteen: Yes App.R. 26 (B)

PostConviction Proceedings: No

other Remedies: Jurisdictional Appeal to the Ohio Supreme Court

• Case No. 20-0584 July 21, 2020

Decision: Declined to accept jurisdiction

## Ground Fourteen

Appellate Courts decision to Affirm the
lower Courts Conviction, and Sentence, as to
the Second Count in the indictment, for the
Conduct set forth in count one pursuant to
the States Response for a Bill of Particulars,
established, and violated, the Double Jeopardy Clause.

### Supporting Facts

The State alleged two seperate accounts of
inapropriate conduct in the First Count of
the indictment and the Bill of Particulars.

The State's opening statements also established
that Count one was in regard to two seperate
acts on at least one occasion each. (Tr. 249)

The alleged victim alleged Two acts that
lasted about five seconds each. (Tr. 345, 347)

The Conduct the State alleged in count
two was an offense of the same charge as
Count one, But, the conduct was specific, and
different than that in count one.

The alleged Victim testified that that
specific conduct 'did not' happen. (Tr. 353)

The one alleged to have witnessed said act
testified that she did not witness anything. (Tr. 387)

Page 29 of 35

\* Direct Appeal on Ground Fourteen: No

Post Conviction Proceedings: No

Other Remedies: Jurisdictional Appeal to the
Ohio Supreme Court

• Case No. 20-0584

Decision Declined to accept Jurisdiction

_Note:_ Mr. Peyatt discovered this violation in
the Courts response in State v. Peyatt, 2020-
Ohio-1103 at ¶¶ 9.

Mr. Peyatt addressed his findings in his
appeal to the Supreme Court in the argument
of insufficient evidence.

## Ground Fifteen

Due Process Violation in Trial Courts Failure to overturn the Attempted Gross Sexual Imposition Conviction and Vacate the Consecutive eighteen (18) month sentence imposed against Mr. Peyatt.

### Supporting Facts

State v. Peyatt, 2019-Ohio-3585 (decision Aug. 28, 2019) Id. at ¶¶ 22 and 44. The Seventh District Appellate Court overturned the Conviction and ordered the sentence to be Vacated.

＊ Direct Appeal of Ground fifteen: No
Post Conviction Proceedings: No
Other Remedies: Letter Sent to Monroe County Clerk of Courts addressing the Appellate Courts decision. There response was the Supreme Courts decision in Case No. 19-1763 Filed April 14, 2020 They sent Mr. Peyatt a copy of said decision in response to him asking why the Appellate Courts decision was not upheld Vacating his conviction and sentence on Count three, Attempted Gross Sexual Imposition.

Page 31 of 35

AO 241 (Rev. 09/17)

13.   Please answer these additional questions about the petition you are filing:

(a)   Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction?   ☐ Yes   ☒ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them:   "Nine" was presented independently not Cumulatively

"Fourteen" was presented in arguments in reference to Count Two

in the Supreme court, and, Fifteen was an order given

by the Appellate court that Trial court wont answer to,

(b)   Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

ground or grounds have not been presented, and state your reasons for not presenting them:

Same as above in 13(a)

14.   Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition?   ☐ Yes   ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

of any court opinion or order, if available.

15.   Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?   ☒ Yes   ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

raised.   Ohio Supreme Court, Jurisdictional Appeal

Deprivision of U.S. Constitutional Rights, 4, 5, and 14

Deprivision of the Constitutional Rights of Ohio under Article

1, Section 10 and 16

Appeal resulting from denial of a postconviction petition

Page 32 of 35     Page 13 of 16

AO 241 (Rev. 09/17)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Mark Mollison  117  North  Main  St, Woodsfield Ohio  43793  (Public  defenders  office)

(b) At arraignment and plea: None

(c) At trial: Kelli R. Regel  117 North  Main St. Woodsfield Ohio 43793  R. Aaron Miller  Po. Box 1287 Stubenville, OH  43952

(d) At sentencing: Kelli R. Regel  117 North  Main  St. Woodsfield Ohio 43793

(e) On appeal: Christina Madrigueta #0072555,  Johnathan Tewart, and Joseph Medici, Ohio Public Defenders,  250 E. Broad St  Columbus, Ohio

(f) In any post-conviction proceeding: Proceeded  Pro Se,  Forma Pauperis

(g) On appeal from any ruling against you in a post-conviction proceeding: proceeded  Pro Se, forma pauperis

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    ☐ Yes   ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    ☐ Yes   ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Time  on filing Appeals  in the  Seventh district and in the  Supreme Court of Ohio was  all  met  on time and  the latest Appeal filed in the  Supreme Court has  not  yet  been  decided. (Sure they will decline again) Post conviction  was filed late  because  the Trial  record

AO 241 (Rev. 09/17)

Clearly did not support 3 of Mr. Peyatts convictions. When the State failed to agree on those facts, Mr. Peyatt Made more attempts to gain the evidence to prove "actual innocence". The information was provided in July and September of 2020, and on Nov.2,2020 a postconviction was filed proving actual innocence.

Mr. Peyatt does not have a law degree, and even with the restrictions in the prison system brought on by the Corona virus (covid-19) pandemic, Mr. Peyatt made sure to "exhaust all remedies" before filing a Habeas corpus petition.

Mr. Peyatt feels he has been denied the Equal protection Clause based on his financial status. The record demonstrates he has not only been treated unfair, but is infact, unable to present his case to the courts as they would expect. He has ask for assistance and presented the issues to the best of his abilities.

Justice requires a Fair assessment of Mr. Peyatts case from an outside source, where the lower courts Fail to give a Fair assessment of THE FACTS.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)      A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

    (A)      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: Overturn Said Convictions and Vacate the 270 month Sentence imposed on Mr. Peyatt to be Served Consecutively

or any other relief to which petitioner may be entitled.

William Peyatt, Pro Se
_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on Oct. 20, 21 (month, date, year).

Executed (signed) on Oct. 20, 2021 (date).

William Peyatt
_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

# Court of Appeals of Ohio

**JUDGES**
GENE DONOFRIO
CHERYL L. WAITE
CAROL ANN ROBB
DAVID A. D'APOLITO

**COURT ADMINISTRATOR**
JEFFREY E. HENDRICKSON, ESQ.

**MEDIATOR / MAGISTRATE**
AARON HIVELY, ESQ.



Seventh Appellate District

131 WEST FEDERAL STREET
YOUNGSTOWN, OHIO 44503
www.seventh.courts.state.oh.us

**FILED**
AUG 2 8 2019
SEVENTH DISTRICT COURT OF APPEALS
MONROE COUNTY OHIO
BETH ANN ROSE
CLERK OF COURTS

(330) 740-2180
FAX (330) 740-2182

August 26, 2019

Ms. Beth Ann Rose
Clerk of Courts
Monroe County Courthouse
101 North Main Street
Woodsfield, Ohio 43724

**Re:** State of Ohio, Plaintiff-Appellee vs William D. Peyatt, Defendant-Appellant
Case No.: 18 MO 0006

TO THE CLERK OF COURTS:

By direction of the court, you are hereby authorized to enter on the docket (not journal) of the Court of Appeals the decision of this Court in the above-captioned case as evidenced by the following entry:

**"August 28, 2019. Judgment of the Court of Common Pleas of Monroe County, Ohio, is affirmed in part; reversed and vacated in part. Costs waived. See Opinion and Judgment Entry."**

You are hereby authorized to file and spread upon the journal of this Court the enclosed journal entry in the above-captioned case.

Very truly yours,

Kim M. Moses
Secretary

/kmm

cc(w/enc.): Judge Julie R. Selmon

Enclosures



BELMONT · CARROLL · COLUMBIANA · HARRISON · JEFFERSON · MAHONING · MONROE · NOBLE