# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

WILLIAM DANIEL PEYATT,

        Petitioner,     :     Case No. 2:21-cv-5141

  - vs -                          District Judge James L. Graham
                                    Magistrate Judge Michael R. Merz

WARDEN, Belmont Correctional
  Institution,

                               :
        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner William Peyatt pursuant to 28 U.S.C. § 2254, is before the Court on Respondent's Motion to Dismiss the Petition as time-barred (ECF No. 9). Petitioner opposes the Motion (ECF No. 10).

**Litigation History**

Petitioner was indicted June 15, 2017, on a number of felony counts of sexual misconduct with minor children (State Court Record, ECF No. 8, Ex. 1). Trial was continued a number of times because of vigorous pre-trial practice. Eventually on March 22, 2018, a jury found Peyatt not guilty of rape (count 8) and unlawful sexual conduct with a minor (count 7), but guilty of the remaining six counts. *Id.* Ex. 24. He was then sentenced to an aggregate prison term of twenty-two and one-half years. *Id.* at Ex. 25.

Peyatt appealed with new counsel to the Ohio Court of Appeals for the Seventh District which reversed his conviction for attempted gross sexual imposition but otherwise affirmed. *State v. Peyatt,* 2019-Ohio-3585 (Ohio App. 7th Dist. Aug. 28, 2019). Acting *pro se* at this point, Peyatt sought and received a delayed appeal from the Supreme Court of Ohio (Entry, State Court Record, ECF No. 8, Ex. 33). That court nevertheless on April 14, 2020, denied jurisdiction to consider the case on the merits. *Id.* at Ex. 36. By this time the State of Ohio and much of the nation was in lockdown in response to the COVID-19 pandemic.

Prior to the lockdown in November, 2019, Peyatt filed a application to reopen his direct appeal. *Id.* at Ex. 37. Although the sole purpose of a Rule 26(B) application is to address claims of ineffective assistance of appellate counsel, Peyatt treated it as an occasion to raise new claims of trial court error and ineffective assistance of trial counsel. This is a not uncommon occurrence in Ohio habeas corpus cases where pro se petitioners often treat each filing as an opportunity to raise claims omitted earlier in the process. The Seventh District Court of Appeals denied the application. *State v. Peyatt,* 2020-Ohio-1103 (Ohio App. 7th Dist. Feb. 21, 2020). Despite the intervening COVID-19 lockdown, Peyatt filed a timely Notice of Appeal to the Supreme Court of Ohio on May 4, 2020[1]. That court again declined jurisdiction on July 21, 2020. *State v. Peyatt,* 2020-Ohio-3712.

On November 2, 2020, Peyatt filed *pro se* a Petition for Post-Conviction Relief under Ohio Revised Code § 2953.21 (State Court Record, ECF No. 7, Ex. 45). Noting that Ohio law sets a limit on filing such petitions of one year after the trial transcript is filed in the court of appeals, Judge Selman found

> Nearly two and one-half (2-1 /2) years have passed since the trial transcript was filed, well beyond the 365-day filing requirement, and Peyatt makes no attempt to explain the untimeliness of his Petition pursuant to R.C. 2953.23(A)(1) (a) and (b).

---

[1] The usual limit on appeal to the Supreme Court of Ohio from the courts of appeal is forty-five days, but the Ohio Supreme Court relaxed time deadlines during the lockdown.

> Accordingly, this Court finds that Peyatt's Petition is untimely and this Court lacks jurisdiction to consider Peyatt's request and as a result, the Petition is denied in its entirety. See *State v. Bake,* 7th Dist. No. 05BE29, 2006-Ohio-4858, at 7.

(Judgment Entry, State Court Record, ECF No. 8, Ex. 50, PageID 645).  Peyatt appealed, but the Seventh District affirmed.  *State v. Peyatt,* 2021-Ohio-3310 (Ohio App. 7th Dist. Sept. 17, 2021), and the Supreme Court again declined jurisdiction.  *State v. Peyatt,* 2021-Ohio-4515 (Dec. 28, 2021). Before that, Peyatt filed his Petition in this Court on October 20, 2021.

## Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") adopted a one-year statute of limitations for habeas corpus petitions.  The statute runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Respondent asserts Peyatt's conviction became final July 13, 2020, the last date on which he could have sought certiorari review by the United States Supreme Court (Return, ECF No. 9, PageID 909). Peyatt responds that "he has been pursuing his rights diligently by exersizing [sic] all remedies necessary prior to all actions taken." (Response, ECF No.10 PageID 915). He attaches a nine-page memorandum in support. *Id.* at PageID 916-24. Upon reviewing that Memorandum, the Magistrate Judge finds that it consists of argument on the merits of the charges against him and his alleged proof of actual innocence through newly-discovered evidence presented with his Petition for Post-Conviction Relief. He shows that he received these documents in 2020 and claims they show he could not have committed at least some of the offenses. What he does not do is to refute the finding of Judge Selman that he offers no reasons why he could not have discovered this evidence earlier, within the time allowed by law for filing a post-conviction petition.

Peyatt is correct that federal habeas corpus law requires a petitioner to exhaust available state court remedies before coming to federal court. But the exhaustion doctrine does not provide an extension of time for filing until those remedies have been exhausted. In this case, Peyatt actually had no remedy available by way of post-conviction petition at the time he filed his Petition here because Ohio Common Pleas Courts do not even have jurisdiction to consider untimely post-conviction petitions. Ohio Revised Code § 2953.23. Peyatt could have attempted to overcome that time barrier by explaining his delay, but Judge Selman found he did not even attempt to do so and he has offered no rebuttal to that finding. For the same reason, Peyatt has offered no convincing case for equitable tolling.

Peyatt asks us to consider an actual innocence excuse for his delay, but he has not submitted new evidence of actual innocence sufficient to satisfy the standard of *Schlup v. Delo*, 513 U.S. 298

4

(1995).

> "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321.

*Souter v. Jones,* 395 F.3d 577, 590 (6th Cir. 2005).

**Conclusion**

Based in the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.

July 7, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge
