IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

WILLIAM DANIEL PEYATT,

        Petitioner,     :     Case No. 2:21-cv-5141

 - vs -                           District Judge James L. Graham
                                     Magistrate Judge Michael R. Merz

WARDEN, Belmont Correctional
  Institution,

                                        :
        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner William Peyatt pursuant to 28 U.S.C. § 2254, is before the Court on Petitioner's Objections (ECF No. 16) to the Magistrate Judge's Report and Recommendations recommending the Petition be dismissed with prejudice (the "Report," ECF No. 13). District Judge Graham has recommitted the case for reconsideration in light of the Objections (ECF No. 17).

The Report recommended the Habeas Petition be dismissed as untimely because barred by the one-year statute of limitations adopted by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") and codified at 28 U.S.C. § 2244.

That statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The history of this litigation must be examined against the backdrop of § 2244. The Report found Peyatt was found guilty on March 22, 2018; that date is confirmed by the Verdict at Ex. 24 of the State Court Record (ECF No. 8). Peyatt's case did not become final on direct appeal until July 13, 2020, ninety days after the Supreme Court of Ohio declined to consider the case on the merits. *Id.* at Ex. 36. That is the last day on which Peyatt could have petitioned the United States Supreme Court for review. He did not do so and therefore the one year statute of limitations began to run on that date, expiring one year later on July 13, 2021, unless something happened to toll it.

In addition to direct appeal to obtain relief from errors which can be proven from the record, Ohio allows two avenues for collateral review: petition for post-conviction relief under Ohio Revised Code § 2953.21 for constitutional errors which must be proven by evidence outside the direct appeal record, and application for reopening to litigate claims of ineffective assistance of

appellate counsel. If a defendant properly files either of these two applications, the filing will stop (toll) the running of the federal statute of limitations until the state court decides the collateral petition.

Peyatt filed an Application for Reopening under 26(B) on November 21, 2019 (State Court Record ECF No. 8, Ex. 37). However, the Ohio Seventh District Court of Appeals denied the application February 21, 2020, before the case was final on direct appeal. *State v. Peyatt,* 2020-Ohio-1103 (Ohio App. 7th Dist. Feb. 21, 2020). Although the 26(B) Application was "properly filed," it did not toll the statute of limitations under § 2244(d)(2).

Peyatt also filed a petition for post-conviction relief under Ohio Revised Code § 2953.21 (State Court Record, ECF No. 8, Ex. 45). However, because it was filed too late under Ohio law, it was not "properly filed" so as to toll the statute under 28 U.S.C. § 2244(d)(2). This reasoning led the Magistrate Judge to conclude the statute of limitations had expired and the Ohio Attorney General's Motion to Dismiss on that basis should be granted (Report, ECF No. 13, PageID 974).

Peyatt's first objection is that he was deprived of effective assistance of counsel on appeal. That is a claim this Court can consider in habeas corpus, but only if it is timely filed.

At PageID 982, Peyatt states he was unaware of any statutes stating that if a court denies a later filing, the litigant is responsible for the time consumed even if the court delays its decision. But ignorance of the law is not an excuse.

Peyatt states his belief that all documents following his arrest have been turned over to this Court (PageID 983). That is not correct. The State Court Record filed here is an exact duplicate of what the Ohio Attorney General served on Peyatt. Peyatt asks for an evidentiary hearing. PageID 984. That is precluded by Supreme Court precedent. *Cullen v. Pinholster*, 563 U.S. 170 (2011); *Shinn v. Martinez Ramirez,* 596 U.S. ___, 142 S.Ct. 1718 (2022).

**Conclusion**

Nothing is said in the objections which undermines the analysis in the Report that shows the Petition was untimely filed. The Magistrate Judge again respectfully recommends that the Petition be dismissed with prejudice as barred by the statute of limitations. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.

August 4, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge