# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

WILLIAM DANIEL PEYATT,

        Petitioner,      :      Case No. 2:21-cv-5141

- vs -                        District Judge James L. Graham
                                    Magistrate Judge Michael R. Merz

WARDEN, Belmont Correctional
 Institution,

                                        :
        Respondent.

## SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner William Peyatt pursuant to 28 U.S.C. § 2254, is before the Court on Petitioner's Objections (ECF No. 19, 20) to the Magistrate Judge's Supplemental Report and Recommendations recommending for a second time that the Petition be dismissed with prejudice as barred by the statute of limitations (the "Supplemental Report," ECF No. 18). District Judge Graham has again recommitted the case for consideration of the Objections (ECF No. 22).

In both the original Report (the "Report," ECF No. 13) and the Supplemental Report, the Magistrate Judge concluded the Petition was barred by the one-year statute of limitations enacted by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") and codified at 28 U.S.C. § 2244. That statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the

>    judgment of a State court. The limitation period shall run from the latest of —
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The timing of events after trial must be carefully considered. Peyatt was found guilty on March 22, 2018 (Verdict State Court Record, ECF No. 8, Ex. 24). His conviction did not become final on direct appeal until July 13, 2020, ninety days after the Supreme Court of Ohio declined to consider the case on the merits. *Id.* at Ex. 36. That is the last day on which Peyatt could have petitioned the United States Supreme Court for direct review. Since he did not do so, the one-year statute of limitations began to run on that date, expiring one year later on July 13, 2021, unless something happened to toll or interrupt it.

One post-judgment collateral attack on a criminal judgment which can toll the statute of limitations is an application under Ohio R. App. P. 26(B) to reopen an appellate judgment to obtain relief because of ineffective assistance of appellate counsel. Peyatt filed such an application

2

November 21, 2019 (State Court Record, ECF No. 8, Ex. 37), but it was denied by the Ohio Seventh District Court of Appeals on February 21, 2020. *Id.* at Ex. 40.  Peyatt appealed, but the Supreme Court of Ohio declined to accept the appeal July 21, 2020, eight days after it declined to accept jurisdiction on direct appeal. *Id.* at Ex. 44.  Thus the pendency of the 26(B) Application mostly overlapped with pendency of the direct appeal and tolled the statute for only those eight days.

Peyatt also filed a Petition for Post-Conviction Relief under Ohio Revised Code § 2953.21 on November 2, 2020 (State Court Record ECF No. 8, Ex. 45).  At that time the statute of limitations was already running and the filing would have tolled the running if it had been "properly filed." 28 U.S.C. § 2244(d)(2).  However, Ohio has a statute of limitations on post-conviction petitions of 365 days after the transcript on direct appeal has been filed.  The Monroe County Common Pleas Court found:

> Nearly two and one-half (2-1/2) years have passed since the trial transcript was filed, well beyond the 365-day filing requirement, and Peyatt makes no attempt to explain the untimeliness of his Petition pursuant to R.C. 2953.23(A)(1) (a) and (b). Accordingly, this Court finds that Peyatt's Petition is untimely and this Court lacks jurisdiction to consider Peyatt's request and as a result, the Petition is denied in its entirety.

(Judgment Entry, State Court Record, ECF No. 8, Ex. 49, PageID 645).  Because the Petition for Post-Conviction Relief was filed at a time when the Ohio trial court no longer had jurisdiction to hear it, it was not "properly filed" and therefore did not toll the statute.

Peyatt's first objection is that his Petition for Post-conviction Relief under Ohio Revised Code § 2953.21 was in fact timely filed (ECF No. 19, PageID 1008).  He relies on Ohio H.B. 197 which he says tolled Ohio statutes of limitations because of the Covid 19 pandemic until July 30, 2020. *Id.* at PageID 1009.  He notes that his post-conviction petition was "mailed out" per his

3

certificate of service, on October 22, 2020, only 82 days after July 30, 2020. *Id.* at PageID 1009.

Peyatt's Certificate of Service on the post-conviction Petition does indeed show it was served on the prosecuting attorney on October 22, 2020; it was not filed in the Monroe County Court of Common Pleas until November 2, 2020 (Petition, State Court Record, ECF No. 8 at Ex. 45, PageID 426, 432).  The Court cannot account for that eleven-day delay in the mail except to say it is consistent with mail delays experienced since the onset of the pandemic.

But it is not the mail delay that made the post-conviction petition untimely.  Judge Selman, the trial judge, found that the transcript on appeal was filed October 18, 2018 (Judgment Entry, State Court Record, Ex. 49, PageID 645).  The Ohio one-year statute of limitations on post-conviction petitions began to run on that date and expired October 18, 2019, more than a year before Peyatt filed.  Assuming H.B. 197 tolled that statute, it was not passed until more than six months after the Ohio statute of limitations expired.

H.B. 197, as Peyatt presents it and the Court understands it, is a **tolling** statute.  That is, it interrupts the running of a statute of limitations.  However, it does not start the statute running all over again.  Statutes of limitations which have already expired, as this one had, are not re-started by legislation such as H.B. 197.  Because the Ohio statute of limitations expired months before the onset of the pandemic, limitations on use of the prison law library during the pandemic do not excuse the late filing.

The AEDPA which enacted the federal statute of limitations at issue here could not be changed or impacted by H.B. 197 which was adopted by the Ohio General Assembly.

Peyatt also objects that his conviction on Count Three of the Indictment was overturned on August 28, 2019 (Objections, ECF No. 19, PageID 1010, citing State Court Record, citing Ex. 30, PageID 281).  That objection is factually correct.  The Ohio Court of Appeals for the Seventh

4

Appellate District, hearing this case on direct review, vacated Peyatt's conviction and sentence for attempted gross sexual imposition. *Id.* That was the offense charged in Count Three of the Indictment (State Court Record. ECF No. 8, Ex. 1).  In his Petition in this Court, Peyatt acknowledges that the attempted gross sexual imposition conviction was set aside on appeal (ECF No. 1, PageID 2).  However, the State also recognized that that conviction had been vacated (Motion to Dismiss, ECF No. 9, PageID 898).  Because Peyatt is not incarcerated on the attempted GSI charge, it has no relevance to this case.

In his Conclusion, Peyatt claims entitlement to application of the "Mail Box" Rule, which provides that a prisoner's filings with a federal court are deemed to have been made on the date they are deposited in the mail, should be applied to his case (Objections, ECF No. 19, PageID 1011).

While the mailbox rule applied to prisoner filings in federal court, the State of Ohio has rejected that rule.  *State, ex rel Tyler, v. Alexander*, 52 Ohio St. 3d 84 (1990). Its federal adoption is not a matter of constitutional law, so the States are not required to follow it.  *Maples v. Stegall*, 340 F.3d 433 (6th Cir. 2003); *Adams v. LeMaster,* 223 F.3d 1177, 1183 (10th Cir. 2000).  But more importantly, even if the mailbox rule were applicable in Ohio, it would not matter here because the statute of limitations for petitions for post-conviction relief expired more than a year before Peyatt deposited his petition in the mail on October 22, 2020.

**Conclusion**

The Magistrate Judge again concludes the Petition in this case is barred by the statute of limitations, 28 U.S.C. § 2244, and the case should be dismissed with prejudice on that basis.

Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

October 18, 2022.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge